UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| BILLY N. EDGE, JR., and SAMRA EDGE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:22-cv-00273-SKL |
| ) | |
| SRA MANAGEMENT, LLC, ) | |
| d/b/a Olympus Property, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The parties filed a joint status report on August 18, 2023 [Doc. 58], ostensibly to comply with the Court's Scheduling Order, which required the parties to confer in person or by telephone to attempt to resolve this case within 30 days of the completion of discovery [Doc. 18]. According to the parties' status report, instead of seeking a modification of the Scheduling Order or conferring about resolution of the case as required, Plaintiffs took the position they were not prepared to make a settlement offer because they would prefer to make a settlement demand only after Defendant's Motion for Summary Judgment is decided [Doc. 58]. The parties also "have not scheduled mediation or another form of ADR" according to the status report [*Id.* at Page ID # 1864].

While the Court certainly understands why some parties might prefer resolution of dispositive motions prior to settlement negotiations, these parties did not address such a concern at the scheduling conference. Moreover, Defendant's motion for summary judgement did not become ripe until August 11, 2023. Given the specific requirement of the Scheduling Order, failing to make a settlement offer at this late stage of the litigation does not adequately comply with the letter or spirit of the Scheduling Order. Moreover, based on the record and the information provided in the status report, it appears that the parties have left themselves inadequate time to address the possibility of resolving this matter through negotiation or mediation without further taxing limited party and court resources.

Accordingly, the Scheduling Order [Doc. 18] is **AMENDED** to **CANCEL** the final pretrial conference (September 19, 2023), the trial (October 3-6, 2023), and the remaining unexpired deadlines for motions in limine and jointly proposed jury instructions (September 5, 2023).

It is **FURTHER ORDERED** that, unless this case is otherwise resolved, the parties are **ORDERED** to complete, in good faith, private mediation of this case on or before **OCTOBER 6, 2023**. *See* E.D. Tenn. L.R. 16.4(l). In addition to the attorneys, a representative for each side must attend the mediation in person, and that representative must have full settlement authority. The mediator is authorized to set parameters for the mediation in addition to those addressed herein. Within **SEVEN DAYS** of the conclusion of the mediation conference, the mediator **SHALL** file a mediation report, and the parties **SHALL** ensure that he or she does so. *See* E.D. Tenn. L.R. 16.4(m). The mediator **SHALL** be compensated at rates to be agreed upon by the parties and the mediator, and the compensation for said mediation services **SHALL** be borne equally by the parties unless other arrangements are agreed to by the parties. *See* E.D. Tenn. L.R. 16.4(i).

It is **FURTHER ORDERED** that if the mediation does not fully resolve this matter, that the parties **SHALL** file a joint status report within **SEVEN DAYS** of the completion of the mediation to jointly proposed dates (preferably before the end of the year) for a trial, a final pretrial conference (with a final pretrial order due at least two business days prior to the date for the final pretrial conference), and all unexpired deadlines.

**SO ORDERED.**

**ENTER:**

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE